996 F.2d 312
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo JURADO, Jr., Defendant-Appellant.
 No. 92-2151.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Jurado appeals from his conviction on conspiracy to distribute more than 500 grams of cocaine and possession with intent to distribute less than 500 grams of cocaine. 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(C). One of Mr. Jurado's original codefendants cooperated with the government and the other two were acquitted. Mr. Jurado contends that the trial court erred in denying his motion for new trial based on attorney conflict without an evidentiary hearing. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 
 2
 Initially, a Criminal Justice Act (CJA) panel attorney was appointed to represent Mr. Jurado. Ten days later Mr. Jurado retained attorney Rafael Padilla, who also represented a codefendant. Mr. Padilla voluntarily withdrew in November 1991, given government concerns about the apparent conflict in his representing two codefendants. Three months prior to trial, another CJA panel attorney, Mr. Lassen, was appointed to represent Mr. Jurado. Mr. Lassen successfully moved to disqualify Mr. Padilla from representing the other codefendant and Mr. Padilla had no more involvement with the case after January 30, 1992. Mr. Lassen represented Mr. Jurado throughout his trial, March 3-6, 1992. Subsequently, the district court appointed present counsel who pursued the motion for new trial based on conflict.
 
 
 3
 Mr. Jurado contends that Mr. Padilla did not apprise him of any conflict of interest in representing codefendants. According to Mr. Jurado, Mr. Padilla told him that he had a good case and should proceed to trial. See IR. doc. 91. As a result, Mr. Jurado claims that he resisted the advice of his trial counsel, Mr. Lassen, and did not seriously consider plea negotiations. At the hearing, present counsel for Mr. Jurado characterized the relationship between Mr. Jurado and Mr. Lassen as one of mistrust due to Mr. Padilla's early advice in the case and the manner in which Mr. Padilla was forced to withdraw. See Tr. 6/25/92 at 7.
 
 
 4
 Mr. Jurado claims that he should have been granted an evidentiary hearing to establish ineffective assistance of counsel due to conflict in violation of his sixth amendment right to a fair trial and his fifth amendment right to due process. Aplt.Br. at 14. He also claims that the district court failed to comply with Fed.R.Crim.P. 44(c) which requires prompt advisement concerning multiple representation.
 
 
 5
 We review the district court's legal determinations concerning conflict de novo and its findings concerning the underlying facts under the clearly erroneous standard. United States v. Martin, 965 F.2d 839, 841 (10th Cir.1992); United States v. Soto Hernandez, 849 F.2d 1325, 1328-29 (10th Cir.1988). Because Mr. Jurado's conflict claim was not raised at trial, he "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). The same showing is required to prevail on a claim for noncompliance with the advisement required by Fed.R.Crim.P. 44(c). Martin, 965 F.2d at 843; United States v. Burney, 756 F.2d 787, 791 (10th Cir.1985). On direct appeal, a remand for an evidentiary hearing is warranted only when the record is insufficiently clear to resolve whether a conflict existed and, if so, whether it had been waived. Cuyler, 446 U.S. at 350; United States v. Bowie, 892 F.2d 1494, 1502 (10th Cir.1990); United States v. Winkle, 722 F.2d 605, 611 (10th Cir.1983); Burney, 756 F.2d at 794.
 
 
 6
 It is telling that present counsel did not seek an evidentiary hearing below, but presses that point on appeal. Be that as it may, the problem with Mr. Jurado's argument is that it focuses on the conflict which existed prior to the district court's remedy, to the complete exclusion of the conflict-free representation Mr. Jurado received before, during and after the trial. The Supreme Court has noted that "[j]oint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing." Holloway v. Arkansas, 435 U.S. 475, 489-90 (1978) (emphasis added). Mr. Jurado does not challenge his trial attorney's representation as ineffective. Tr. 6/25/92 at 8. To accept Mr. Jurado's argument that conflicted representation, like original sin, taints subsequent independent representation, would be to invalidate a traditional remedy for conflict situations, namely, appointment of separate counsel. See Holloway, 435 U.S. at 484; Glasser v. United States, 315 U.S. 60, 76 (1942). While a lawyer's stock in trade is his time and advice, every lawyer knows of the client's prerogative. See Strickland v. Washington, 466 U.S. 668, 691 (1984).
 
 
 7
 AFFIRMED. The Government's Motion to Supplement Record is GRANTED.
 
 
 
 *
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3